UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL ALEXANDER,<br>        *Petitioner,*<br>        *v.*<br>WARDEN SCOTT SEMPLE,<br>        *Respondent.* | Civil No. 3:12cv1074 (JBA)<br><br>August 7, 2015 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Carl Alexander, an inmate currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action *pro se* for a writ of habeas corpus [Doc. # 1] pursuant to 28 U.S.C. § 2254. He challenges his 2003 convictions for kidnapping, robbery and burglary. For the reasons that follow, the petition is denied.

**I.     Standard of Review**

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state

custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *See Howes v.* Fields, 132 S. Ct. 1181, 1187 (2012); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). Thus, "[c]ircuit precedent does not constitute "'clearly established Federal law, as determined by the Supreme Court.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (quoting 28 U.S.C. § 2254(d)(1)). The law may be a generalized standard or a bright-line rule intended to apply the standard in a particular context. *See Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts

of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008), *cert. denied*, 555 U.S. 1176 (2009). It is not enough that the state court decision is incorrect or erroneous. Rather, the state court application of clearly established law must be objectively unreasonable which is a substantially higher standard. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Thus, a state prisoner must show that the challenged court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See id.*

## II.     Factual Background

The Connecticut Appellate Court found the following facts related to the petitioner's conviction and *habeas* claims:

> Following [the petitioner's] participation in a home invasion on December 29, 2000, the petitioner was charged with, *inter alia*, kidnapping in the first degree in violation of General Statutes § 53a-92(a)(2)(c), robbery in the first degree in violation of General Statutes § 53a-134(a)(2) and burglary in the first degree in violation of General Statutes § 53a-101(a)(1). The petitioner further was charged with the commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k.[1]
>
> Attorney Errol Skyers represented the petitioner at trial. Prior to trial, Skyers and the petitioner had discussed the possibility of a plea agreement with the prosecutor, specifically, the state had offered the petitioner thirty-five years to serve, and subsequently, twenty-five years to serve. The petitioner, however, rejected both plea offers. At trial, the victim testified, in detail, about how the petitioner and several other men had invaded her home, demanded money and other valuables at gunpoint, bound her mouth, wrists and legs with duct tape and locked her in the bathroom in the basement where she remained until her husband discovered her. After hearing the victim's testimony, the petitioner withdrew his not guilty pleas and pleaded guilty to the charges of kidnapping in the first degree, robbery in the first degree and burglary in the first degree. At the plea canvas, the petitioner indicated that he understood that he could receive a maximum period of confinement of seventy-five years, and the trial court found

---

[1] "After the petitioner pleaded guilty to kidnapping in the first degree, robbery in the first degree and burglary in the first degree, the other charges were nolled." *Alexander v. Commissioner of Correction*, 103 Conn. App. 629, 631 n.1 (2007).

4

that his plea was entered knowingly, and voluntarily. Before the court accepted the petitioner's plea, the prosecutor emphasized that although he would not be pursuing the remaining charges against the petitioner, there was no plea agreement.

At the beginning of the sentencing proceeding, on April 25, 2003, Skyers stated to the court that he would like to clarify for the record that the petitioner's plea was an open plea pursuant to which the petitioner's sentence would be determined by the court, rather than according to a prior negotiated sentence or plea agreement. The court affirmed that the petitioner's plea was, in fact, an open plea. Skyers further explained that although he thought the petitioner had understood that the plea was an open plea, the petitioner had indicated just prior to the sentencing proceeding that he believed that there was plea agreement, to which the court responded that it was unaware of any agreement. The court sentenced the petitioner to twenty-five years to serve on the count of kidnapping in the first degree. On the counts of robbery in the first and burglary in the first degree, the court sentenced the petitioner to twenty years each, to run concurrently with each other and with the sentence for kidnapping. In addition, the court imposed three, five year enhancements pursuant to 53-202k, concurrent to each other, but consecutive to the twenty-five year term, for a total effective sentence of thirty years imprisonment.[2]

*Alexander v. Commissioner of Correction*, 103 Conn. App. 629, 631–33 (2007) (footnote omitted).

---

[2] "On the date of sentencing, the court also imposed a total effective sentence of thirteen years of imprisonment on charges stemming from a separate incident, to which the petitioner pleaded guilty. This sentence was consecutive to the sentence imposed for the home invasion incident for a total effective sentence of forty-three years of imprisonment. This appeal concerns only the pleas and sentence related to the home invasion incident." *Alexander*, 103 Conn. App. at 633 n.3.

### III.   Procedural History

In January 2004, the petitioner filed a state habeas petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Alexander v. Warden*, TSR-CV04-40004329-S (Conn. Super. Ct. Jan. 28, 2004). The court appointed counsel to represent the petitioner and counsel filed two amended petitions.

The second amended petition included two grounds of ineffective assistance of counsel. The petitioner argued that trial counsel failed to advise him that his guilty plea was an open plea agreement and that trial counsel erred in refusing to file a motion to withdraw the guilty plea. (*See* Resp't's Opp'n Pet. Writ Habeas Corpus, App. E at 5–7.) On August 26, 2005, after a hearing, a judge denied the petition. *See Alexander v. Warden*, No. CV040004329-S, 2005 WL 3047210 (Conn. Super. Ct. Aug. 26, 2005).

On appeal, the petitioner claimed that the habeas judge had erred in concluding that trial counsel was not ineffective in failing to correctly advise him that he would be sentenced at the judge's discretion and not pursuant to a prior, negotiated plea agreement. In addition, the petitioner argued that the habeas judge had failed to consider that trial counsel's failure to file a motion to withdraw the guilty plea created a conflict of interest that constituted ineffective assistance of counsel. On September 4, 2007, the Connecticut Appellate Court dismissed the appeal. *See Alexander v. Commissioner of Correction*, 103 Conn. App. 962 (2007). On November 26, 2007, the Connecticut Supreme Court denied the petition for certification. *See Alexander v. Commissioner of*

*Correction*, 284 Conn. 939 (2007).

In March 2008, the petitioner filed a second state habeas petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Alexander v. Warden*, TSR-CV08-4002314-S (Conn. Super. Ct. March 20, 2008). The court appointed counsel to represent the petitioner and counsel filed two amended petitions.

The second amended petition included one ground of ineffective assistance of trial counsel, one ground of ineffective assistance of habeas counsel and one ground of judicial misconduct or bias. With regard to the ineffective assistance of trial counsel claim, the petitioner argued that trial counsel's failure to file a motion to withdraw the guilty plea constituted a conflict of interest which adversely effected counsel's performance in violation of his state and federal constitutional rights to conflict-free representation. (*See* Resp't's Opp'n Pet. Writ Habeas Corpus, App. K at 5–9.) On June 29, 2011, after a hearing, a judge denied the petition. *See Alexander v. Warden*, No. CV084002314, 2011 WL 3333737 (Conn. Super. Ct. June 29, 2011).

On May 1, 2012, the Connecticut Appellate Court affirmed the judgment of the habeas court without a written opinion. *See Alexander v. Commissioner of Correction*, 135 Conn. App. 901 (per curiam). On June 26, 2012, the Connecticut Supreme Court denied the petition for certification. *See Alexander v. Commissioner of Correction*, 305 Conn. 917 (2012).

## IV.     Discussion

The petitioner challenges his conviction on four grounds. He claims that (1) trial counsel rendered ineffective assistance in failing to advise him that his guilty plea was an open plea; (2) trial counsel was ineffective in failing to file a motion to withdraw the guilty plea; (3) trial counsel was ineffective due to a conflict of interest; and (4) habeas counsel was ineffective in failing to raise a claim that trial counsel's refusal to file a motion to withdraw the guilty plea created a conflict of interest.

### A.     Ineffective Assistance of Trial Counsel - Guilty Plea

The petitioner argues that trial counsel was ineffective in failing to inform him that his plea of guilty was not based on any agreement for a specific sentence. The petitioner contends that he was under the impression that he would receive a sentence of twenty years imprisonment followed by ten years of special parole pursuant to an agreement between counsel and the prosecutor. Thus, the petitioner contends his attorney failed to ensure that his plea was knowing, voluntary and intelligent.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, petitioner must demonstrate, first, that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms," and, second, that this deficient performance caused prejudice to him. *Id.* at 687–88. To satisfy the prejudice prong of the *Strickland* test, petitioner must show that there is a "reasonable probability

8

that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial. *Id.* at 694.

The Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The two-part *Strickland* test applies to claims of ineffective assistance counsel in the context of plea negotiations, including challenges to both the acceptance of a plea offer and the rejection of a plea offer. *See id.* (applying *Strickland* to claim that counsel was ineffective in advising petitioner to reject plea offer); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying *Strickland* to claim that attorney mis-informed petitioner regarding plea offer leading petitioner to accept guilty plea). The performance prong requires that the defendant demonstrate "'that counsel's representation fell below the objective standard of reasonableness.'" *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 687–88.)

In addressing the performance prong, the Second Circuit has determined that in the context of providing advice surrounding a plea offer, "counsel must communicate to the defendant the terms of the plea  offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000). In giving advice, however, "a lawyer must take care not to coerce a client into either accepting or rejecting a plea" because "the ultimate decision whether to plead guilty

9

must be made by the defendant." *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. That is, the petitioner must demonstrate "that there is a reasonable probability that but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Id.* To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice. *See Strickland*, 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

This Court will consider the last reasoned state court decision to determine whether the decision is an unreasonable application of federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, the Court reviews the decision of the Connecticut Appellate Court which dismissed the appeal of the Superior Court's decision denying the first petition for writ of habeas corpus.

In analyzing this claim, the Appellate Court applied the standards established in *Strickland* and *Hill*. Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).

Both the petitioner and petitioner's trial attorney testified at the habeas hearing. The habeas judge credited the testimony of trial counsel regarding information conveyed to the petitioner about the trial judge's policy not to accept plea agreements after trial had

commenced. In addition, trial counsel testified credibly that he had never told the petitioner there was a plea agreement with a recommendation for a specific sentence. Thus, it was clear that the plea entered by the petitioner was an open plea and not one made pursuant to a negotiated agreement. The habeas judge noted that trial counsel's testimony was consistent with the prosecutor's statement during the change of plea hearing indicating that there was no plea agreement in effect.

The habeas judge also reviewed the transcript of the change of plea hearing held on December 9, 2002 and concluded that it was clear that there was no agreement as to sentencing. The habeas judge noted that the judge's canvass of the petitioner reflected that the petitioner was an intelligent person who had been involved in the criminal justice system on many previous occasions, had recently entered a similar guilty plea to other criminal charges and understood the consequences of changing his plea to guilty, including the maximum sentences that could be imposed on him.

The habeas judge found the testimony of trial counsel to be credible and the testimony of the petitioner to be lacking in credibility. The state habeas judge's factual findings and credibility determinations are "presumed to be correct," and the petitioner has the "burden of rebutting [that] presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Furthermore, in reviewing a claim of ineffective assistance of counsel, this court is not permitted to reassess the state habeas judge's credibility determinations of witnesses, when it has not heard the testimony or observed

the demeanor of those witnesses. *See Shabazz v. Artuz*, 336 F.3d 154, 163 (2d Cir. 2003)("Credibility determinations are properly within the province of the state court that presided over the trial and evidentiary hearing."); *Cotto v. Hebert*, 331 F.3d 217, 233 (2d Cir. 2003) (presumption of correctness as to the factual findings by the trial judge under 28 U.S.C. 2254(e)(1) is "particularly important when reviewing trial court's assessment of witness credibility"). The petitioner has offered insufficient evidence to rebut the habeas judge's factual or credibility determinations.

The Connecticut Appellate Court reviewed the transcript of the habeas hearing as well as the transcripts of the change of plea and sentencing hearings and found that the habeas judge's conclusions were not erroneous with regard to the absence of a plea agreement for a specific sentence. The Appellate Court determined that the habeas judge had properly exercised its discretion in crediting the testimony of petitioner's trial attorney and noted the consistency between trial counsel's testimony and the transcript of the change of plea hearing. The Appellate Court concluded that in view of the credibility determinations made by the habeas judge, the petitioner had not demonstrated that trial counsel's performance was deficient.

This Court concludes that the Connecticut Appellate Court's determination that trial counsel had not performed deficiently in connection with the petitioner's decision to plead guilty to burglary, larceny and kidnapping charges was a reasonable application of the performance prong of the *Strickland* standard to the facts of the case. Accordingly, the

petition for writ of habeas corpus is denied as to this claim as set forth in the first ground for relief.

**B.       Ineffective Assistance of Counsel - Motion to Withdraw Guilty Plea**

The petitioner claims that when he realized that his plea was not made pursuant to a plea agreement for a specific sentence of twenty years of imprisonment, he wanted to withdraw his guilty plea. He alleges that at the beginning of the sentencing hearing, he asked his trial attorney to file a motion to withdraw the guilty plea, but counsel refused to do so. The petitioner contends that counsel's refusal to file a motion to withdraw the guilty plea constituted ineffective assistance of counsel.[3]

In analyzing this claim, the Connecticut Superior Court judge applied the

---

[3] The petitioner did not raise this claim in his appeal of the denial of the first state habeas petition. Instead, he raised a new claim regarding counsel's refusal to file a motion to withdraw the guilty plea and characterized the claim as an ineffective assistance of counsel claim based on a conflict of interest. He challenged the habeas judge's application of the prejudice prong under *Strickland* and argued that prejudice should have been presumed with regard to counsel's failure to file a motion to withdraw the guilty plea because a conflict of interest existed with regard to counsel's representation and counsel's conduct deprived him of his right to appeal the guilty plea. Because the conflict of interest claim/denial of appeal claims were not raised in first state habeas proceeding, the Connecticut Appellate Court declined to review them. *See Alexander*, 103 Conn. App. at 639-40. Thus, the decision of the Connecticut Superior Court judge denying the first state habeas petition constitutes the last reasoned decision with regard to the claim that trial counsel's failure to file a motion to set aside the guilty plea constituted ineffective assistance of counsel. Although this claim is not exhausted, a court may deny such a claim on the merits. *See* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

standard established in *Strickland*. Because the state court judge applied the correct legal standards, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).

The habeas judge heard testimony from the petitioner and trial counsel. Trial counsel testified that he did not file a motion to withdraw the guilty plea because he thought such a motion would be frivolous and would not be successful. The Connecticut Practice Book permits the filing of a motion to withdraw a guilty plea after the plea has been accepted, but before sentencing in several circumstances. *See* Conn. Practice Book § 39-27. Based on Attorney Skyers's belief that the petitioner's guilty plea was made knowingly and voluntarily, he did not think there was a basis to file a motion to withdraw the guilty plea. Consequently, it would not have been ethical to file a motion that counsel thought was frivolous. The habeas court determined that this was a reasonable assessment of the circumstances. Thus, trial counsel was not deficient in choosing not to file a motion to withdraw the guilty plea. *See Strickland*, 466 U.S. at 690–92 (determination as to whether counsel acted "outside the wide range of professionally competent assistance," requires court to judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct"); *Rompilla*, 545 U.S. at 381 (court affords "a heavy measure of deference to counsel's judgments").

This Court concludes that the Connecticut Superior Court judge reasonably applied the *Strickland* standard in reviewing the petitioner's ineffective assistance of

counsel claim to determine that the alleged failure of trial counsel to file a motion to withdraw the guilty plea was not deficient. Because the determination of the habeas judge regarding the level of performance provided by trial counsel was not an unreasonable application of the first prong of the *Strickland* standard, the petition is denied as to the claim of ineffective assistance of trial of counsel set forth in the first ground for relief.[4]

## C.   Ineffective Assistance of Trial Counsel - Conflict of Interest

In the second state habeas petition, the petitioner raised an ineffective assistance of trial counsel claim based on a conflict of interest as well as a claim that habeas counsel was deficient in failing to raise the conflict of interest claim in the first habeas petition. The petitioner contends that at the point when counsel refused to file the motion to withdraw the guilty plea, counsel ceased to act as his attorney creating a conflict of interest. This conflict of interest constituted prejudice under the second prong of *Strickland*.

"A defendant's Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict-free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002) (citation omitted); *accord Wood v. Georgia*, 450 U.S. 261, 271 (1981)

---

[4] The Court need not reach the prejudice prong of the *Strickland* standard because the petitioner must demonstrate both deficient performance and sufficient prejudice to establish an ineffective assistance of counsel claim. *See id.* 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong. *See id.* at 697, 700.

15

("Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."). In *Cuyler v. Sullivan*, 446 U.S. 335 (1980), the Supreme Court set forth the standard governing an ineffective assistance of counsel claim based on an asserted conflict of interest. An actual conflict of interest is a conflict *"that affected counsel's* performance–as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an *actual* conflict of interest adversely affected his lawyer's performance....[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Sullivan*, 446 U.S. at 350.

Thus, where an ineffective assistance of counsel claim is based on a conflict of interest, a showing of prejudice may be presumed if the petitioner's attorney "actively represented conflicting interests," and "an actual conflict of interest adversely affected his lawyer's performance." *Strickland*, 466 U.S. at 692. To prevail, the petitioner must show both the existence of an actual conflict and that this conflict actually affected trial counsel's performance.

In the second state habeas petition, the petitioner raised the conflict of interest claim as well as a claim that habeas counsel was deficient in failing to raise the claim at the first habeas petition. Although it did not cite Supreme Court law in analyzing this claim,

16

the state court applied the standard established in *Strickland. See Early v. Packer*, 537 U.S. 3, 8 (2002) (state court need not cite Supreme Court law "so long as neither the reasoning nor the result of the state-court decision contradicts them"). Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).

The Court will consider the last reasoned state court decision to determine whether the decision is an unreasonable application of federal law. *See Ylst*, 501 U.S. at 804. Here, the Court reviews the decision of the Connecticut Superior Court which denied the second petition for writ of habeas corpus.

The petitioner, trial counsel and habeas counsel testified at a hearing held in state court on the claims in the amended petition for writ of habeas corpus. The habeas judge reviewed the change of plea transcript as well as the sentencing transcript. The habeas judge assessed the evidence and testimony and did not find that an actual conflict existed at the time that trial counsel refused to file a motion to withdraw the guilty plea. The habeas judge noted that the petitioner raised no complaints about his relationship with his trial attorney during the plea canvass. Rather, at the time of sentencing, there was a disagreement between counsel and the petitioner regarding the filing of a motion to withdraw the plea. Not every disagreement with counsel amounts to a conflict of interest. *See United States v. Moree*, 220 F.3d 65, 71 (2d Cir. 2000) (no actual conflict existed where defendant had not at sentencing accused his attorney of coercing him to plead guilty, and

thus did not put his attorney in a position of having to defend himself); *United States v. White*, 174 F.3d 290, 296 (2d Cir. 1999) (routine disagreement with counsel over whether to file certain motions, to pursue certain evidentiary leads, to object to the introduction of certain evidence at trial and to call certain witnesses at trial and at a sentencing hearing did not constitute a conflict of interest); *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 459 (S.D.N.Y. 2005) ("The Second Circuit Court of Appeals has repeatedly held that complaints about a defense counsel's performance that allege mere disagreements over tactical decisions, as opposed to more serious allegations such as coercion, do not establish actual conflict of interest.").

The petitioner made no allegations of adverse interests affecting trial counsel's decision not to file the motion to vacate the plea. Rather, counsel felt that filing such a motion would be frivolous under the criteria set forth in the Connecticut rules of procedure. Thus, there were no allegations of an impaired duty of loyalty to the petitioner on the part of trial counsel. Because the court found that no conflict of interest existed, prejudice could not be presumed under *Strickland*. After determining that no conflict of interest existed, the habeas court concluded that trial counsel had not been deficient in his representation of the petitioner during sentencing. Thus, the petitioner had not met the first prong of the *Strickland* standard. The conclusions of the Connecticut Superior Court pertaining to the lack of an actual conflict of interest in trial counsel's representation of the petitioner at sentencing and competent performance of trial counsel

during the sentencing hearing did not constitute unreasonable applications of clearly established federal law. Accordingly, the habeas petition is denied on the third ground for relief.

### D.     Ineffective Assistance of Habeas Counsel

The petitioner contends that the attorney who represented him in his first state habeas petition was ineffective because he failed to raise a claim that trial counsel's refusal to file a motion to set aside the guilty plea constituted a conflict of interest. Section 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Furthermore, the Supreme Court has held that the Sixth Amendment right to counsel does not extend to a collateral attack on a conviction. *See Coleman v. Thompson*, 501 U.S. 722, 755-57, (1991) (there is no right to counsel in state collateral proceedings); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

Thus, because there is no federal constitutional right to counsel in a state habeas proceeding, the ground for relief asserting claims of ineffective assistance of habeas counsel is not cognizable in this action. The petition is denied as to the second ground for

19

relief.

## V.      Conclusion

The Petition for Writ of Habeas Corpus [Doc. # 1] is DENIED. The Clerk is directed to enter judgment in favor of the respondent and close this case.

The Court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of August, 2015.

20